IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL S. LEFLAR | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WARDEN JULIO M. ALGARIN, *et al.* | : | NO. 16-6567 |
| | : | |

KEARNEY, J.                                                                                          April 19, 2017

## MEMORANDUM

An inmate claiming an unknown person's decision to discontinue his pain medication following hospital discharge must plead facts plausibly demonstrating a named defendant's personal involvement in a decision which constituted cruel and unusual punishment violative of the Eighth Amendment. Even given the liberal review of a *pro se* inmate's pleading of collusion between the prison wardens and third party medical company hired by the prison, we cannot proceed without some basis in fact showing the personal involvement of individual defendants or a policy or custom of institutions leading to a finding the denial of pain medication by an unknown person constituted cruel and unusual punishment upon the inmate. As the *pro se* inmate has not presently come close to this pleading requirement, we grant the defendants' motions to dismiss without prejudice to the inmate filing an amended complaint, if he can in good faith, consistent with this Memorandum.

### I.      Facts alleged in the *pro se* Complaint.

In late 2014, Daniel S. Leflar suffered multiple gunshot wounds requiring major and intrusive surgery at Temple University Hospital in Philadelphia.[1] On December 17, 2014,

Temple University Hospital discharged Mr. Leflar to the custody of Bucks County Correctional Facility.[2]

Officials at the Bucks County facility—who Mr. Leflar does not identify—medically screened Mr. Leflar, learned about his recent surgery, and allowed him take pain medication.[3] After about ten days at the Bucks County facility, while Mr. Leflar's wounds were "still healing and aggravated," individuals who Mr. Leflar does not identify discontinued Mr. Leflar's pain medication even though "pain medication was necessary given that everyday activities, i.e. standing and walking aggravated the injury."[4] Mr. Leflar argues Bucks and Montgomery County Correctional Facility employees "and/or others acting on their behalf" failed to provide him with adequate pain medication and adequate access to medical care.[5] Mr. Leflar alleges his pain medications PrimeCare Medical Incorporated, its employee Dr. Margaret Corillo, its employee L.P.N. Alexus, and the Bucks and Montgomery County Correctional Facility Wardens colluded to deprive him of adequate healthcare because some unknown persons discontinued pain medication.[6]

## II.  Analysis

Mr. Leflar sued Montgomery County Correctional Facility Warden Julio M. Algarin, Bucks County Correctional Facility Warden Guy E. Waller, PrimeCare Medical, Inc., Dr. Margaret Carrillo,[7] and Alexis Koenig, RN,[8] for unspecified claims arising from an unknown person's alleged failure to provide medical treatment for Mr. Leflar's pain.[9] We construe Mr. Leflar's claims as claims under 42 U.S.C. § 1983 for Eighth Amendment violations and state law claims for medical malpractice or professional negligence.

Defendants move to dismiss arguing Mr. Leflar fails to state a claim upon which relief can be granted.[10] We grant Defendants' Motions and exercise our discretion under 28 U.S.C. §

1915(e)(2)(B)(ii) to dismiss claims on grounds not raised by Defendants. Because we dismiss Mr. Leflar's claims to which we have original jurisdiction, we decline to exercise supplemental jurisdiction over Mr. Leflar's state law claims. As Mr. Leflar proceeds *pro se*, we will allow him one opportunity to amend, if he can in good faith, to plead a civil rights claim on or before May 31, 2017.

### A. Mr. Leflar fails to allege facts demonstrating personal involvement under § 1983.[11]

The Eighth Amendment prohibits "cruel and unusual punishment."[12] Prison officials violate the Eighth Amendment's prohibition on cruel and unusual punishment when they exhibit "deliberate indifference to serious medical needs of prisoners."[13] "A prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."[14]

Our Court of Appeals in *Rouse v. Plantier* explained deliberate indifference exists when a prison official "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; [] (3) prevents a prisoner from receiving needed or recommended medical treatment[;]" or (4) "persists in a particular course of treatment in the face of resultant pain and risk of permanent injury."[15]

Deliberate indifference requires "obduracy and wantonness . . . which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk."[16] To find deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[17] For example, in *Tenon v. Dreibelbis*, our Court of Appeals held the plaintiff stated an Eighth Amendment claim against a doctor where he alleged telling the doctor he required "stronger pain medication" for his "excruciating" and "severe jaw pain" resulting from a surgery the doctor required.[18] The doctor's failure to respond to the plaintiff's request for stronger pain medication

3

for his "excruciating pain" demonstrated the doctor's deliberate indifference because the doctor knew about the plaintiff's pain and recent surgery.[19]

Mr. Leflar must plead specific facts demonstrating each individual defendant had personal involvement in the alleged wrongs.[20] To the extent Mr. Leflar seeks to hold supervisory officials liable, such officials cannot be held liable for the wrongs of others, as is the case under the doctrine of *respondeat superior*.[21] In other words, a supervisory official's liability cannot be based merely on an employer-employee relationship.[22] Rather, to hold a supervisor liable, Mr. Leflar must allege facts showing the supervisor: (a) directly participated in violating his rights; (b) directed others to violate his rights; or (c) knew of and acquiesced in his subordinates' violations of his rights.[23]

Mr. Leflar does not allege facts demonstrating Warden Algarin, Warden Waller, Dr. Carrillo, or Ms. Koenig had personal involvement in his alleged inadequate medical treatment.[24] He alleges his pain medications "were discontinued . . . as a result of the collusion between" these individuals.[25] His allegation is too conclusory to warrant the assumption of truth.[26] We lack facts about what each of these individuals allegedly knew or did. We accordingly dismiss these claims without prejudice for Mr. Leflar to file an amended Complaint pleading specific facts demonstrating how these individuals violated Mr. Leflar's Eighth Amendment rights.

### B. Mr. Leflar fails to state claims for municipal liability against Bucks and Montgomery Counties.

Mr. Leflar does not identify whether he sues Warden Algarin and Warden Waller in their individual capacities or official capacities. A claim against a state official in his or her official capacity is a claim against the entity to which the officer is an agent.[27] To the extent Mr. Leflar sues Warden Algarin and Warden Waller in their official capacities, these claims are claims against the counties to which they are agents.

4

A county is not liable under 42 U.S.C. § 1983 under a theory of *respondeat superior*.[28] Instead, a county is only liable for its policies or customs.[29] To succeed on this claim, Mr. Leflar must allege facts demonstrating: (1) he possessed a constitutional right of which he was deprived; (2) the county had a policy or custom; (3) the policy or custom amounted to deliberate indifference to his constitutional right; and (4) the policy was the moving force behind the constitutional violation.[30]

Mr. Leflar fails to allege facts demonstrating Montgomery or Berks Counties had a policy or custom amounting to deliberate indifference to his serious medical needs. We accordingly dismiss Mr. Leflar's claims against Warden Algarin and Warden Waller in their official capacities without prejudice to file an amended complaint if warranted under Federal Rule of Civil Procedure 11.

### C. Mr. Leflar fails to state a claim against PrimeCare.

Mr. Leflar fails to plead an Eighth Amendment claim against PrimeCare. A private company may not be held liable for the actions of its staff under § 1983 based solely on the theory of respondeat superior or vicarious liability.[31] Instead, a private corporation providing health services to inmates is liable only to the extent its policies or customs exhibit deliberate indifference to a prisoner's serious medical needs.[32] For example, in *Henry v. Buskirk*, the plaintiff alleged PrimeCare Medical, Inc.—which agreed with Northampton County Prison to provide health services to inmates—"[was] deliberately indifferent to his handicap and other medical needs."[33] The court held "[a] private corporation contracted by a prison to provide health care for inmates cannot be held liable on a respondeat superior theory; rather, it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs."[34]

5

Mr. Leflar does not allege PrimeCare had a policy or custom amounting to deliberate indifference to his serious medical needs. Because Mr. Leflar fails to allege specific facts allowing us to find the existence of an actual custom or policy leading to his injuries, we have no basis to hold PrimeCare liable for its alleged deliberate indifference under § 1983. We dismiss his federal claim against PrimeCare without prejudice to file an amended complaint if warranted under Federal Rule of Civil Procedure 11.

### D. We decline to exercise supplemental jurisdiction over Mr. Leflar's claims for medical malpractice and professional negligence, which are deficient under state law.

Construing Mr. Leflar's complaint liberally to contain state law medical malpractice or professional negligence claims, we dismiss these claims. Because Mr. Leflar fails to state a claim to which we have original jurisdiction, we exercise our discretion under 28 U.S.C. § 1367(c)(3) to decline supplemental jurisdiction over his state law claims.[35]

In the alternative, we dismiss Mr. Leflar's medical malpractice and professional negligence claims for failure to comply with Pennsylvania Rule of Civil Procedure 1042.3. In Pennsylvania, to file a claim for malpractice and professional negligence, Pennsylvania Rule of Civil Procedure 1042.3 requires Mr. Leflar to "file a certificate of merit within sixty days after filing a professional negligence complaint."[36] The rule applies to incarcerated *pro se* plaintiffs "and constitutes a rule of substantive state law with which plaintiffs in federal court must comply."[37] This rule also applies to claims of corporate negligence for the conduct of its employees.[38] The failure to file a certificate of merit or timely move for an extension of time under Rule 1042.3(d) requires dismissal of his negligence claims unless his failure to do so is justified by a "reasonable excuse."[39] Mr. Leflar neither filed a certificate of merit nor provided a reasonable excuse for failing to do so. A "pro se litigant's ignorance of or mistaken assumptions

6

about the requirements of Rule 1042.3 cannot serve as a reasonable excuse."[40] We accordingly dismiss these claims.

### III. Conclusion

We grant Defendants' Motions to dismiss as to Mr. Leflar's § 1983 claims. To the extent Mr. Leflar attempts to plead state law medical malpractice or professional negligence claims, we decline to exercise supplemental jurisdiction over these claims and in the alternative, dismiss these claims for failure to comply with Pennsylvania Rule of Civil Procedure 1042.3. Recognizing Mr. Leflar may be able to plead a basis for an Eighth Amendment civil rights claim, we grant Mr. Leflar leave to file an amended complaint if warranted under Federal Rule of Civil Procedure 11.

---

[1] ECF Doc. No. 5, § II ¶ D.

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] In his Complaint, Mr. Leflar misspells Dr. Carrillo's last name as "Corillo." ECF Doc. No. 5, at p. 1. We use the spelling identified by Defendants.

[8] In his Complaint, Mr. Leflar identifies Ms. Koenig as "Licensed Practitioner Nurse Alexus." ECF Doc. No. 5, at p. 1. We use the spelling identified by Defendants.

[9] ECF Doc. No. 5, § II ¶ D.

[10] "We construe the pleadings of *pro se* litigants liberally." *Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 604 (3d Cir. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard when the facts alleged "allow[] the court

7

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d Cir. 2011) (citing *Iqbal*, 556 U.S. at 678). While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557.

The Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Kane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679); *see also Burtch*, 662 F.3d at 221; *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010).

[11] As a pretrial detainee when the alleged misconduct occurred, Mr. Leflar's "constitutional claim for inadequate medical care would typically be adjudicated under the Due Process Clause of the Fourteenth Amendment[,]" as the Eighth Amendment "applies only after the State has secured a formal adjudication of guilt." *Crawford v. McMillan*, 660 Fed. Appx. 113, 117 (3d Cir. 2016); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). Because the Fourteenth Amendment affords pretrial detainees protections "at least as great as the Eighth Amendment protections available to a convicted prisoner," we apply the "deliberate indifference" standard established in *Estelle v. Gamble*, 429 U.S. 97, 103 (1976) to Mr. Leflar's suit. *Natale*, 318 F.3d at 581.

[12] U.S. Const. amend. VIII.

[13] *Estelle*, 429 U.S at 104.

[14] *Id.* at 106.

[15] *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (internal quotation and citations omitted).

[16] *Id.* (internal quotation and citation omitted); *see also Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (holding "[d]eliberate indifference is…evident where prison officials erect arbitrary and burdensome procedures that result in interminable delays and outright denials of medical care to suffering inmates") (internal quotation and citation omitted).

[17] *Crawford*, 660 Fed. Appx. at 117 (citing *Farmer*, 511 U.S. at 825).

[18] *Tenon v. Dreibelbis*, 606 F. App'x 681, 686 (3d Cir. 2015).

[19] *Id.*

[20] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

[21] *Miller v. Hoffman*, No. 97–7987, 1998 WL 404034, at *3 (E.D. Pa. July 7, 1998) (citing *Rode*, 845 F.2d at 1207).

[22] *Santiago*, 629 F.3d at 128.

[23] *Id.* at 129.

[24] *Crawford*, 660 Fed. Appx. at 118.

[25] ECF Doc. No. 5, § II ¶ D.

[26] *Santiago*, 629 F.3d at 130.

[27] *Banegas v. Hampton*, No. 08-5348, 2009 WL 1098845, at *5 (E.D. Pa. Apr. 22, 2009) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)).

[28] *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 403 (1997).

[29] *Id.*

[30] *Vargas v. City of Philadelphia*, 783 F.3d 962, 974 (3d Cir. 2015) (quoting *City of Canton*, 489 U.S. 378, 389–91 (1989)) (brackets omitted).

[31] *Miller*, 1998 WL 404034 at 5.

[32] *Henry v. Buskirk*, No. 08–1348, 2011 WL 767540, at *4 (E.D. Pa. Feb. 24, 2011) (citing *Natale*, 318 F.3d at 583–84).

[33] *Id.*

[34] *Id.* (citing *Natale*, 318 F.3d at 583–84) (footnotes omitted).

[35] *Doe v. Mercy Catholic Med. Ctr.*, 850 F.3d 545, 567 (3d Cir. 2017).

[36] *Crawford*, 660 Fed. Appx. at 114 (citing Pa. R. Civ. P. 1042.3(a)).

[37] *Koukos v. Chester Cty.*, No. 16-4602, 2017 WL 549150, at *3–4 (E.D. Pa. Feb. 7, 2017) (citing *Iwanejko v. Cohen & Grigsby, P.C.*, 249 Fed. Appx. 938, 944 (3d Cir. 2007)).

[38] *Id.* at *4.

---

[39] *Perez v. Griffin*, 304 Fed. Appx. 72, 74 (3d Cir. 2008).

[40] *Id.* at 75 (citing *Hoover v. Davila*, 862 A.2d 591, 595–96 (Pa. Super. 2004)).